IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN M. LEATO; and
LAURINA T. LEATO                                                             PLAINTIFF

v.                         Civil No. 5:19-cv-05027

HORIZON BANK and HORIZON
BANCORP, INC.                                                                DEFENDANTS

**OPINION AND ORDER**

John and Laurina Leato have filed this lawsuit under the diversity of citizenship statute, 28 U.S.C. § 1332. They proceed *pro se* and have sought leave to proceed *in forma pauperis* ("IFP"). The Plaintiffs have named as Defendants Horizon Bank and Horizon Bankcorp, Inc. Both entities were formed under the law of the State of Indiana. The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

According to the allegations of the Complaint and attachments thereto, the dispute between Plaintiffs and Horizon Bank arose out of a closed-end note, disclosure, loan and security agreement the Plaintiff signed on December 6, 2013. Plaintiffs assert that Horizon Bank and its collection attorney broke "every consumer law on the books from robo-calling consumers, to illegally conducting [a] deposition.[1]" According to Plaintiffs, on June 25, 2015, "Transunion[2] and collection attorneys started a conflict with transunion and since then has banished o[u]r credit

---

[1] The attached documents indicate the deposition of Laurina Leato was taken on July 14, 2015, in the case of *Horizon Bank v. John Leato and Laurina Leato*, No 14 MG 007487 in the Circuit Court of Cook County, Illinois. This case was dismissed with prejudice on the agreement of the parties on September 22, 2015.
[2] TransUnion is, of course, not a named Defendant in this case.

1

report." Plaintiffs further allege Horizon Bank and TransUnion have repeatedly violated the Dodd-Frank Wall Street and Consumer Protection Act, Pub. L. No. 111-302, 124 Stat. 1376 (codified in various sections of Titles 7, 12, and 15).

On October 17, 2017,[3] Plaintiffs indicate they won a verdict of $100,000 against Defendants in Allen County, Indiana.[4] Plaintiffs maintain that if Horizon Bank had paid the $100,000 on October 17, 2017, they may not have had to file bankruptcy on October 31, 2017. Plaintiffs filed bankruptcy in Indiana and indicate they listed the judgment against Horizon Bank as a potential claim against a third party.

On May 10, 2018, Plaintiffs retained a class action law firm to pursue a "robo calling" lawsuit against the Defendants. Plaintiffs also agreed to act as class representatives.

On January 5, 2019, class action counsel wrote to Horizon Bank in care of its attorney. The letter sought: (1) payment of the $100,000 judgment; (2) the removal of the Plaintiffs as "debtors" in a bankruptcy "involving" Horizon Bank; (3) and a settlement in the amount of $6 million for the proposed class action lawsuit the Plaintiffs were considering filing against Horizon Bank. Presumably, Horizon Bank did not respond favorably to the letter since Plaintiffs filed this lawsuit on February 8, 2019.

In this case, Plaintiffs are seeking injunctive relief from the Court to order Horizon Bank

---

[3] The Complaint refers to this date as October 17, 2018, in one place and as October 17, 2017, in several other places.
[4] According to the publicly available court records of the Circuit and Superior Courts, 38th Judicial Circuit, Allen County, Indiana, Plaintiff filed five lawsuits against Horizon Bank, Case Nos. 02D02-1707-SC-010508, 02D03-1707-SC-010509, 02D02-1707-SC-010510, 02D09-1707-SC-010511, 02D91-1707-SC-010512, all cases were dismissed on October 18, 2017. The dismissal orders indicate Plaintiffs stipulated to the dismissal of the case indicating they intended to file a class action law suit in another court. "All claims in this case which are duplicitous of the case previously settled in the Cook County Circuit Court are dismissed with prejudice." Any claims arising after the settlement, were dismissed without prejudice. No monetary judgment was entered in any of these cases. The Court may take judicial notice of public records. *See e.g., Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

to pay the $100,000 judgment and to pay them $6 million to drop the class action lawsuit. Furthermore, they ask that Horizon Bank convince Transunion to "unsuppress" their credit profiles or pay an additional $10 million in damages.

## DISCUSSION

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**(1). The Judgment**

Plaintiffs initially seek to have this Court enforce the judgment entered in Allen County, Indiana, against Horizon Bank.[5] To enforce a judgment in a different district, Plaintiff must register the judgment in the district in which they seek enforcement. For certain federal judgments, this is done by utilizing 28 U.S.C. § 1963. This statute allows a litigant who has obtained a valid judgment, who wants to recover money or property in another district, to register the judgment by filing a certified copy of the judgment in the district where the money or property

---

[5] Plaintiffs use the term "judgment" and state they won "verdicts" against Horizon Bank. There is no judgment attached to the Complaint. Instead, there are documents indicating they filed claims against Horizon Bank, made a demand for payment, and a document indicating they listed Horizon Bank as a potential third party claim in their bankruptcy.

is. Once registered in this district, the judgment has the same effect as if the judgment were entered in this district. *See e.g., Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001); *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965). However, the judgment Plaintiff seeks to enforce was entered in state court. The "registration procedures" set forth in 28 U.S.C. § 1963 "prohibit a federal district court from registering and subsequently enforcing a state court judgment." *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 707 (E.D. Ken. 2006).

Instead, Plaintiff must register the judgment under the laws of the state in which they seek enforcement. Arkansas has adopted the Uniform Enforcement of Foreign Judgments Act codified at Ark. Code Ann. §§ 16-66-601 *et seq.* This provides a procedural method of registration and does not create a separate cause of action. *See e.g., May v. May*, 944 S.W.2d 550, 551 (Ark. App. 1997)(summary procedure allowing judgment holder to promptly enforce an out of state judgment).

This claim is subject to dismissal.

**(2). Settlement of Potential Class Action**

Plaintiffs ask the Court to force Horizon to pay them $6 million to avoid the filing of a class action lawsuit under the Dodd-Frank, 15 U.S.C. § 78u-6, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Plaintiffs have not filed the class action claims in this Court or in any court to this Court's knowledge. The parties have not reached a settlement agreement that the Court is being asked to enforce. Instead, Plaintiffs seek to use the Court as their "sword" to force Horizon Bank to settle the proposed class action. There is no authority on which the Court could "force" Horizon Bank to settle potential class action claims for $6 million

or for any sum.

The proper way for Plaintiffs to attempt to reach a settlement of the proposed class action claims is through their class action counsel. In fact, as exhibited by the January 5, 2019, letter from their class counsel to Horizon, class counsel is attempting to reach a settlement agreement prior to the filing of a class action lawsuit based on the unfair or deceptive trade practices.

This claim is subject to dismissal.

### (3). The Conflict involving TransUnion

According to Plaintiffs, Horizon Bank and its collection attorneys "started a conflict" with TransUnion causing it to "banish[]" Plaintiffs' "credit report." Plaintiffs ask that this Court require Horizon Bank to "convince" TransUnion to "un-suppress" their "credit profiles or pay an additional $10 million in damages. Plaintiffs assert that Horizon and TransUnion have "repeatedly" violated Dodd-Frank. TransUnion is, as previously noted, not a Defendant in this case.

A consumer may directly dispute items on his or her credit report through the credit company's complaint process. https://www.consumer.ftc.gov/articles/0151-disputing-errors-credit-reports (accessed February 20, 2019). If the issue is not resolved, a consumer may file a complaint with the Consumer Financial Protection Bureau (CFPB). https://www.consumerfinance.gov/about-us/blog/so-how-do-i-submit-a-complaint/ (accessed February 20, 2019).

The Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, requires furnishers of consumer credit information to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Enforcement is left to government agencies and no private right of action

exists if the furnisher fails to furnish accurate information. *See e.g., Young v. Green Tree Servicing, LLC,* No. 4:15-cv-1331, 2016 WL 1464619, *2 (E.D. Ark. Apr. 14, 2016)(*citing McKinzie v. Regions Bank*, No. 07-cv-1050, 2008 WL 899254, *1-2 (W.D. Ark. Mar. 31, 2008).

Similarly, Dodd-Frank authorizes the CFPB to prevent "unfair, deceptive, or abusive act[s] or practice[s] . . . in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). It also makes it unlawful for a "covered person or service provider" . . . to engage in unfair, deceptive, or abusive act[s] or practice[s]." 12 U.S.C. § 5536(a)(1)(B). Authority to litigate violations of the consumer protection provisions is left to the CFPB. 12 U.S.C § 5564(a). *See also Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015).

Plaintiffs do not mention the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101 *et seq*. However, among other things, the ADTPA makes it unlawful to engage in any "unconscionable, false, or deceptive act or practice in business, commerce or trade." Ark. Code Ann. § 4-88-107(a)(10). Enforcement rests largely with the Attorney General, Ark. Code Ann. § 4-88-113(a)-(e). A private cause of action, Ark. Code Ann. § 4-88-113(f), is given to "[a]ny person who suffers actual damages as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees."

In *Wallis v. Ford*, 208 S.W.3d 153, 161 (Ark. 2005), the Arkansas Supreme Court held that this applied only when a party suffers actual damages and there is no cognizable cause of action for any other type of recover such as diminution in value. Specifically, *Wallis* declined to rule that the ADTPA provided a private cause of action for "any ascertainable loss." *Id.* Further, in *Baptist Health v. Murphy*, 373 S.W.3d 269, 288 (Ark. 2010), the ADTPA was interpreted as not

6

providing a private cause of action for injunctive relief. This precludes the relief sought by the Plaintiffs.

This claim is subject to dismissal.

## CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal on the grounds they are frivolous or fail to state claims upon which relief may be stated. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

The IFP motion (ECF No. 2) is **DENIED AS MOOT.**

IT IS SO ORDERED this 4th day of March 2019.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE